UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELEVATION HEALTH LLC,

                                    Plaintiff,

                    -v-

SUN GROUP PARTNERS LLC,

                                    Defendant.

---

22 Civ. 10155 (PAE) (VF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This case was referred to the Hon. Valerie Figueredo, United States Magistrate Judge, for

a damages inquest after the Court entered default judgment as to liability against defendant Sun

Group Partners LLC ("Sun Group"). *See* Dkt. 22. Before the Court is Judge Figueredo's

January 31, 2025 Report and Recommendation, recommending that the Court award plaintiff

Elevation Health LLC ("Elevation Health"): (1) damages for breach of contract, plus interest on

the unpaid principal, in the amount of $862,426.67, (2) post-judgment interest pursuant to

28 U.S.C. § 1961, and (3) reasonable attorney's fees and costs in the amount of $8,464. *See* Dkt.

34 ("the Report"). For the following reasons, the Court adopts the Report's recommendations,

while making minor modifications to the calculation of interest on the damages award due

plaintiff.

The Court incorporates by reference the summary of the facts provided in the Report. In

brief, Elevation Health and Sun Group, two limited liability companies, entered into a

promissory note under which Sun Group agreed to pay Elevation Health, on or before

October 28, 2022, principal in the amount of $500,000. Dkt. 1 ("Compl.") ¶ 5; *see also id.*, Ex. 1

(promissory note). Sun Group agreed to pay an additional "exit fee" of $250,000 on or before

October 28, 2022, plus 4% annual interest on the unpaid principal until October 28, 2022. *Id.* at

¶¶ 9–10. The promissory note also provides for default interest at a rate of 6% per annum on all

unpaid amounts due after the October 28, 2022 maturity date. *Id.* ¶ 11. Finally, the promissory

note permits collection of reasonable attorney's fees and costs. *Id.* ¶ 13.

As alleged, Sun Group failed to make any of the required payments by October 28, 2022.

*Id.* ¶ 14. Elevation Health filed this breach-of-contract suit on November 30, 2022. Dkt. 1. On

June 1, 2023, the Clerk's Office issued a certificate of default. Dkt. 15. On June 5, 2023,

Elevation Health moved for a default judgment. Dkt. 16. On October 24, 2023, the Court

granted that motion and, by separate order, *see* Dkt. 23, referred the case to Judge Figueredo for

an inquest into damages. Dkt. 22. On January 31, 2025, Judge Figueredo issued the Report.

Dkt. 34.

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection

has been made, a district court need only satisfy itself that there is no clear error on the face of

the record." *KLM Consulting LLC v. Panacea Shipping Co., Inc.*, No. 22 Civ. 5194, 2024 WL

5199835, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014

WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F.

Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate.

Careful review of Judge Figueredo's thorough and well-reasoned Report reveals that there is no

facial error in its conclusions, save the need to make a minor calculative correction as to the

interest owed on the breach-of-contract damages award. Accordingly, the Report, which is incorporated by reference herein, is adopted with the following modifications.

The Court accepts that the principal amount of the loan was $500,000 and that 4% annual interest on the unpaid principal applies from the date the note was executed, May 4, 2022, until the date of maturity, October 28, 2022. Compl., Ex. 1; *see also* Report at 7. The Court agrees with the Report's calculation that 177 days elapsed between May 4, 2022, and October 28, 2022. *See id.* at 7 n.7. Using the simple interest formula, however, the Court finds Elevation Health entitled to $9,698.63 in interest ($500,000 principal x 4% [.04] x [177 days / 365 days]), not the $9,646.50 the Report calculates. *See id.*

Accordingly, in total breach-of-contract damages, Elevation Health is entitled to $759,698.63 ($500,000 principal + $250,000 exit fee + $9,698.63 interest). As the Report observes, the promissory note further provides for default interest on "the entire Principal Amount, all accrued Interest and the Exit Fee" at an annual 6% rate, to accrue "until such time as all amounts owed are paid." *Id.* at 8. Elevation Health is thus owed default interest on the $759,698.63. The amount of default interest from October 29, 2022 through the date of this decision is $106,024.79 ($759,698.63 principal x 6% [.06] x [849 days / 365 days]).

The Court adopts in full the Report's recommendation with respect to pre-judgment interest. Pre-judgment interest is not appropriate insofar as Delaware law—which Elevation Health acknowledges governs the contract, *see* Dkt. 33—provides for pre-judgment interest only in the amount provided for in the agreement. *See* Report at 8–9. Because the promissory note is silent as to pre-judgment interest, and Elevation Health does not offer any basis upon which to seek it, pre-judgment interest will not be awarded.

Elevation Health is, however, entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. The Court further adopts the Report's recommendation to award reasonable attorney's fees ($8,062) and costs ($402). Because the Report explicitly states that the parties' failure to file objections within 14 days of service "will result in a waiver of objections and will preclude appellate review," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full, save to make a minor calculative correction to pre-judgment interest. The Court holds that Elevation Health is entitled to collect from Sun Group: (1) $759,698.63 in breach-of-contract damages, plus a 6% per annum default interest rate,[1] (2) post-judgment interest pursuant to 28 U.S.C. § 1961, and (3) $8,464 in reasonable attorney's fees and costs.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 24, 2025
New York, New York

---

[1] As discussed *supra*, as of the date of this decision, that amount is $106,024.79, but interest will continue to accrue "until such time as all amounts owed are paid." Compl., Ex. 1.